1

2

3

4                   IN THE UNITED STATES DISTRICT COURT

5               FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   DOUGLAS F. CARLSON, et al.,            Case No. 21-cv-06133-MMC

8                 Plaintiffs,

9           v.                             **ORDER DENYING DEFENDANTS'
                                           MOTION TO DISMISS OR TRANSFER;**
10  COLORADO CENTER FOR                    **DENYING REQUEST TO STAY
    REPRODUCTIVE MEDICINE, LLC, et         DISCOVERY; VACATING HEARING**
11  al.,

12                Defendants.

13          Before the Court is defendants Colorado Center for Reproductive Medicine, LLC

14  ("CCRM"), Sarah Macleod ("Macleod"), and Angela Fouts-Hyatt's ("Fouts-Hyatt") "Motion

15  to Dismiss or, in the Alternative, to Transfer Venue to the District of Colorado," filed

16  October 15, 2021.  Plaintiffs Douglas F. Carlson and Maya Zubkovskaya have filed

17  opposition, to which defendants have replied.  Having read and considered the papers

18  filed in support of and in opposition to the motion, the Court deems the matter appropriate

19  for decision on the parties' respective written submissions, VACATES the hearing

20  scheduled for December 3, 2021,[1] and rules as follows.

21          By the instant motion, defendants seek an order dismissing the above-titled action,

22  or, in the alternative, transferring it to the District of Colorado, on the grounds that

23  Macleod and Fouts-Hyatt ("the individual defendants") are not subject to personal

24  jurisdiction in California, see Fed. R. Civ. P. 12(b)(2), the Northern District of California is

25  not a proper venue, see id. 12(b)(3), the Northern District of California is not a convenient

26

27          [1] In light thereof, the parties' stipulated request, filed November 22, 2021, to
28  continue the hearing to December 17, 2021, is DENIED as moot.

United States District Court
Northern District of California

1  forum, see 28 U.S.C. § 1404(a), and/or plaintiffs have failed to state a claim upon which

2  relief can be granted, see Fed. R. Civ. P. 12(b)(6).  In addition, defendants request the

3  Court stay discovery pending a ruling on the above.  See id. 26(c)(1).

4  **A. Personal Jurisdiction**

5  Where, as here, plaintiffs raise "two [or more] separate causes of action," the

6  Court must have personal jurisdiction over each defendant "with respect to each claim."

7  See Data Disc, Inc. v. Sys. Techs. Assocs., Inc., 557 F.2d 1280, 1289 (9th Cir. 1977).

8  Here, with respect to plaintiffs' tort-based claims alleged against Macleod and

9  Fouts-Hyatt, both individually and jointly, the Court finds plaintiffs have made a "prima

10  facie showing" as to personal jurisdiction, see Boschetto v. Hansing, 539 F.3d 1011,

11  1015 (9th Cir. 2008) (noting "plaintiff need only make a prima facie showing of the

12  jurisdictional facts"), and defendants have not presented a "compelling case that the

13  presence of some other considerations would render jurisdiction unreasonable," see

14  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985) (holding, once plaintiff makes

15  prima facie showing, defendant must present "compelling case" of unreasonableness).

16  In particular, and contrary to defendants' argument, plaintiffs' claims do not

17  concern injuries arising from the medical treatment plaintiffs received in Colorado, but,

18  rather, injuries that "arise out of or relate to" activities the individual defendants

19  "purposefully directed" at California.  See id. at 472 (holding court has personal

20  jurisdiction over defendant who "has purposefully directed his activities at residents of the

21  forum" and where "the litigation results from alleged injuries that arise out of or relate to

22  those activities" (internal quotation and citation omitted)).  Specifically, plaintiffs allege

23  that, on February 14, 2020, the individual defendants called, and disclosed plaintiffs'

24  confidential information to, San Francisco police officers and dispatchers (see Compl.

25  ¶¶ 89, 94, 113, 118) for the purpose of sending officers to plaintiffs' San Francisco,

26  California residence, to evaluate plaintiff Zubkovskaya under California Welfare and

27  Institutions Code § 5150 (see id. ¶¶ 67, 93, 97, 100).

28  Additionally, although no party has addressed the issue of personal jurisdiction

2

1 │ with respect to plaintiffs' contract-based claims, the Court finds it appropriate to exercise

2 │ pendent personal jurisdiction over those claims as well, in that the contract-based and

3 │ tort-based claims "arise out of a common nucleus of operative facts."  See Action

4 │ Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1180-81 (9th Cir. 2004)

5 │ (holding district court has discretion to exercise "pendent personal jurisdiction" over

6 │ claims "aris[ing] out of a common nucleus of operative facts with a claim . . . over which

7 │ the court does have personal jurisdiction").

8 │ **B. Improper Venue**

9 │ Venue, like personal jurisdiction, "must be established as to each claim."  See

10 │ Martensen v. Koch, 942 F. Supp. 2d 983, 996 (N.D. Cal. 2013).

11 │ Here, with respect to plaintiffs' tort-based claims, the Court finds venue in the

12 │ Northern District of California is proper.  In particular, plaintiffs' allegations that they

13 │ reside in this district and that defendants' actions caused them injury in this district

14 │ suffice.  See 28 U.S.C. § 1391(b)(2) (providing venue proper in "district in which a

15 │ substantial part of the events or omissions giving rise to the claim occurred"); Myers v.

16 │ Bennett Law Offs., 238 F.3d 1068, 1075-76 (9th Cir. 2001) (holding "substantial part" of

17 │ events giving rise to tort claim occurs in district where plaintiff alleges "harms" were "felt").

18 │ Additionally, although, again, neither party has addressed whether venue is proper

19 │ with respect to plaintiffs' contract-based claims, the Court finds, for the reasons stated

20 │ above as to the tort-based claims, a basis for pendent venue has been shown.  See

21 │ Martensen, 942 F. Supp. 2d at 998 (holding, "if venue is proper on one claim, the court

22 │ may find pendent venue for claims that are closely related").

23 │ **C. Inconvenient Venue**

24 │ Contrary to defendants' argument, the Court finds defendants have not made a

25 │ "strong showing of inconvenience to warrant upsetting . . . plaintiff[s'] choice of forum."

26 │ See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)

27 │ (noting defendant has burden of making requisite showing).  In particular, as set forth

28 │ below, defendants have not shown the various factors relevant to the question of transfer

*United States District Court*
*Northern District of California*

1  under § 1404(a) weigh in favor of granting such relief.  See Williams v. Bowman, 157 F.

2  Supp. 2d 1103, 1106 (N.D. Cal. 2001) (setting forth factors for assessing motion to

3  transfer for convenience).

4       First, plaintiffs' chosen forum is one in which plaintiffs reside and where all, or at

5  least the majority of, the events on which they rely occurred.  See, e.g., Vu v. Ortho-

6  McNeil Pharm., Inc., 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) (finding venue

7  convenient in district in which plaintiffs "reside" and "events giving rise to plaintiffs' claims

8  occurred").

9       Next, the convenience of the parties, any local interest in the controversy, and the

10  familiarity of each forum with the applicable law appear to be essentially in balance.  See

11  Barnes & Noble, Inc. v. LSI Corp., 823 F. Supp. 2d 980, 994 (N.D. Cal. 2011) (finding

12  transfer "not appropriate" where "effect would be simply to shift the inconvenience from

13  one party to another" (internal quotation and citation omitted)); Fraser v. Brightstar

14  Franchising LLC, Case No. 16-cv-01966-JSC, 2016 WL 4269869, at *7 (N.D. Cal. Aug.

15  15, 2016) (finding "local interest" factor "neutral" where both districts "have an interest in

16  resolving the disputes of [their] residents"); Jacobs v. Sustainability Partners, LLC, Case

17  No. 20-cv-01981-PJH, 2020 WL 5593200, at *9 (N.D. Cal. Sept. 18, 2020) (denying

18  transfer where "both courts are capable of applying" common and state statutory law

19  under which claims brought).  As to ease of access to evidence and any court

20  congestion, the former, in an age of electronic records, is a factor carrying little weight,

21  see Jacobs, 2020 WL 5593200, at *9 (noting "[e]ase of access to evidence" not a

22  "predominate concern . . . because advances in technology have made it easy for

23  documents to be transferred to different locations" (internal quotation and citation

24  omitted)), and neither party has addressed the latter, see Fraser, 2016 WL 4269869, at

25  *7 (finding "relative congestion" factor "neutral" where parties provided no evidence with

26  respect thereto).

27       Moreover, and of particular importance, the majority of relevant non-party

28  witnesses, based on plaintiffs' showing, appear to be located in the Northern District of

United States District Court
Northern District of California

1    California.  (See Opp. at 15:13-17 (identifying plaintiffs' potential witnesses).)  Although

2    defendants assert "all of the relevant witnesses" are located in Colorado (see Mot. at 6:2-

3    3), defendants have not identified any such witnesses or explained why they are relevant,

4    see Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1049 (N.D. Cal.

5    2001) (noting, "[t]o demonstrate inconvenience of witnesses, the moving party must

6    identify relevant witnesses, state their location[,] and describe their testimony and its

7    relevance"), and, to the extent defendants' purported witnesses are CCRM employees

8    (see Reply at 7:21-8:4 (describing defendants' witnesses as "individuals that treated

9    [p]laintiffs")), such employees, even if identified, are unlikely to tip the balance in favor of

10   transfer, see Royal Queentex Enters. v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL

11   246599, at *6 (N.D. Cal. Mar. 1, 2000) (noting, "[i]n balancing convenience of the

12   witnesses, primary consideration is given to third party, as opposed to employee

13   witnesses").

14        Lastly, contrary to defendants' argument, "consolidation of this action with

15   [p]laintiffs' Colorado action" would not be "appropriate and ideal" (see Mot. at 8:9), as the

16   Colorado action is based on claims arising from substantially different facts and, with the

17   exception of CCRM, is brought against different defendants than those named in the

18   instant action, see First Amended Complaint, Carlson v. Colo. Ctr. for Reprod. Med.,

19   LLC, No. 21-cv-1528-RMR-NYW (D. Colo. Sept. 2, 2021) (asserting claims arising from

20   alleged misrepresentations regarding fertility treatment success rates and plaintiffs' ability

21   to transfer embryos).

22   **D. Failure to State a Claim**

23        To the extent defendants argue plaintiffs' professional negligence claims are time-

24   barred, the Court finds said claims were timely filed, given the Judicial Council of

25   California's tolling of the statute of limitations in response to the COVID-19 pandemic.

26   See Judicial Council of Cal., Emergency Rules Related to COVID-19, Rule 9(a), available

27   at https://www.courts.ca.gov/documents/appendix-i.pdf (tolling, from April 6, 2020, until

28   October 1, 2020, "statute[s] of limitations . . . that exceed 180 days"); see also Circulating

1   Order Memorandum to the Judicial Council, CO-20-09, at 5 n.14, available at

2   http://www.alameda.courts.ca.gov/Resources/Documents/ExecOffice/CO-20-09.pdf

3   (noting "178-day tolling period" for statutes of limitations that exceed 180 days).

4          Next, although defendants, in conclusory fashion, contend plaintiffs' allegations

5   "simply do not amount to any viable cause of action" (see Mot. at 2:13), defendants have

6   failed to identify any particular deficiency in plaintiffs' claims and, consequently, have not

7   met their burden to show no claim has been stated, see Retamco Operating, Inc. v.

8   Carone, No. CV 04-2997 CBM (RZx), 2004 WL 7338703, at *3 (C.D. Cal. Aug. 27, 2004)

9   (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); holding

10  "party moving for dismissal has the burden of proving that no claim has been stated");

11  see also Fed. R. Civ. P. 7(b)(2) (providing moving party must "state with particularity the

12  grounds for seeking [court] order").

13  **E. Stay of Discovery**

14         To the extent defendants request the Court stay discovery pending its

15  determination as to dismissal, the request, in light of the above rulings, is denied as moot.

16                              **CONCLUSION**

17         For the reasons stated, the motion is hereby DENIED.

18

19         **IT IS SO ORDERED.**

20

21  Dated: November 23, 2021

22                                          MAXINE M. CHESNEY
                                            United States District Judge
23

24

25

26

27

28

                                              6