UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS F. CARLSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COLORADO CENTER FOR REPRODUCTIVE MEDICINE, LLC, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06133-MMC (AGT)<br><br>**ORDER DENYING DISCOVERY LETTER BRIEFS WITHOUT PREJUDICE AND SEALING MEDICAL RECORDS SUA SPONTE**<br><br>Re: Dkt. Nos. 53, 55, 57, 60 |

There are presently four unilateral discovery letter briefs pending before the undersigned. *See* Dkts. 53, 55, 57, 60. There is also an open question as to whether subject matter jurisdiction exists in this action—the operative complaint fails to allege the citizenship of each member of the limited liability company defendant, and Judge Chesney has ordered plaintiffs to file by April 19, 2022, an amended complaint setting forth the requisite jurisdictional facts to establish complete diversity. *See* Dkt. 56 (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (noting "an LLC is a citizen of every state of which its owners/members are citizens").

In light of Judge Chesney's order and the current uncertainty regarding subject matter jurisdiction, the undersigned asked the parties to comment on whether the pending discovery disputes should be addressed after plaintiffs' forthcoming amended pleading. Dkt. 58. Having reviewed the parties' responses (*see* Dkts. 59 & 61), the undersigned agrees with plaintiffs that jurisdiction is the paramount issue at present and should be resolved prior to any discovery rulings.[1] Accordingly, the pending discovery dispute letters are denied without prejudice to

---

[1] Plaintiffs' response, filed April 8, 2022, also notes that defendants have yet to provide the names and citizenships of the members of defendant Colorado Center for Reproductive Medicine, LLC, even though Judge Chesney ordered them to provide that information to plaintiffs by March 25, 2022. Dkt. 61 at 2 & Ex. 1.

renewal following plaintiffs' submission of an amended pleading that properly alleges the existence of diversity of citizenship jurisdiction. The parties are advised that any renewed and/or future discovery disputes must be raised via **joint letter** in compliance with Part VII.B of the undersigned's civil standing order, available at cand.uscourts.gov/judges/tse-alex-g-agt/. **Unilateral discovery letters will be rejected.**

* * *

Plaintiffs also assert that defendants have "illegally disclos[ed] unrelated confidential medical information in public court documents," including the entire Exhibit C to defendants' discovery letters at Dkts. 53 and 57. *See* Dkt. 61 at 1–2. The undersigned agrees that defendants' public filing of Exhibit C—which comprises 26 pages and contains intensely private and confidential information regarding plaintiff Maya Zubkovskaya's medical history—and their express references to that confidential information in Dkt. 53, was inappropriate. "Although there is a presumption in favor of maintaining public access to court records, *see Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006), . . . medical records are deemed confidential under the Health Insurance Portability and Accountability Act of 1996, *see Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007)." *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. 10-cv-02258-SBA, 2011 WL 89931, at *1 (N.D. Cal. Jan. 10, 2011) (sealing medical records sua sponte, finding that the need to protect confidential medical information outweighs any necessity for disclosure); *see also Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) ("Courts routinely conclude that the need to protect medical privacy qualifies as a 'compelling reason' for sealing records") (internal quotation marks and citation omitted). The Clerk of Court is therefore directed to seal Dkts. 53, 53-3, and 57-3 in their entirety.

**IT IS SO ORDERED.**

Dated: April 15, 2022

_____
ALEX G. TSE
United States Magistrate Judge

2